Edward J. LoBello
Thomas R. Slome
Jil Mazer-Marino
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
1350 Broadway, Suite 501
New York, NY 10018
Phone: (212) 239-4999
Fax: (212) 239-1311
Attorneys for Kin Chan, as Foreign Representative


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

In re:                                              Chapter 15

BERAU CAPITAL RESOURCES PTE LTD,                    Case No._____

    Debtor in a Foreign Proceeding.

------------------------------------------


**VERIFIED PETITION OF KIN CHAN, AS FOREIGN
REPRESENTATIVE OF THE ABOVE CAPTIONED DEBTOR IN A FOREIGN
PROCEEDING, FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING
PURSUANT TO 11 U.S.C. §§ 1515 AND 1517 AND (II) RELIEF
<u>PURSUANT TO 11 U.S.C. §§ 1520 AND 1521</u>**


Petitioner, Kin Chan, the duly authorized foreign representative (the **"Foreign Representative"**) of the above-captioned debtor in a foreign proceeding (the **"Foreign Debtor"**), by and through undersigned counsel, respectfully submits this verified petition (the **"Verified Petition"**) for an order, pursuant to sections 1515 and 1517 of title 11 of the United States Code (the **"Bankruptcy Code"**), recognizing the proceeding pending in the High Court of the Republic of Singapore (the **"Singapore Court"**) pursuant to Section 210(10) of the Companies Act (Cap. 50) with respect to the Foreign Debtor (collectively, the

"**Singapore Proceeding**") as a foreign main proceeding and granting relief pursuant to sections 1520 and 1521 of the Bankruptcy Code (the "**Petition**"). In support of the Petition, the Foreign Representative incorporates herein by reference (i) the Declaration of Kin Chan in Support of (I) the Verified Petition of Kin Chan, as Foreign Representative of the Foreign Debtor, For Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515 and 1517 and Relief Pursuant to 11 U.S.C. §§ 1520 and 1521, and (II) the Application for an Order Granting Provisional Relief, Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code (the "**Chan Declaration**"), (ii) the Memorandum of Law in Support of the (I) Verified Petition of Kin Chan, as Foreign Representative of the Foreign Debtor, for Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515 and 1517 and Relief Pursuant to 11 U.S.C. §§ 1520 and 1521, and (II) Application for an Order Granting Provisional Relief, Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code (the "**Memorandum of Law**"), and (iii) the Declaration of Nair Suresh Sukumaran of Straits Law Practice LLC, which acts as Singapore counsel to the Foreign Debtor in the Singapore Proceeding (the "**Nair Declaration**"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the Foreign Proceeding under section 1515 of the Bankruptcy Code. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

## BACKGROUND

2.    Berau Capital Resources Pte Ltd., is incorporated under the laws of the Republic of Singapore and is a wholly-owned subsidiary of PT Berau Coal Energy Tbk. (**"BCE"**), a public company incorporated under the laws of the Republic of Indonesia.

3.    The most substantial shareholder of BCE, holding 84.7% of the issued and paid up share capital of BCE, is Asia Resource Minerals plc (**"ARMs"**), a public company incorporated under the laws of England and Wales.

4.    BCE has an interest, either directly or otherwise, in a total of 18 entities incorporated in various jurisdictions (the **"BCE Group"**).

5.    BCE Group is in the business of the mining and export of thermal coal and is the fifth largest coal producer in Indonesia in terms of production volume. The BCE Group supplies coal domestically and internationally. PT Berau Coal (**"Berau Coal"**) (which is beneficially owned as to 90% by BCE) is the BCE Group's key operating asset. Berau Coal has licenses to conduct coal mining activities in various concession areas in East Kalimantan, Indonesia until April 26, 2025.

6.    The financial and operational health of the Berau Group has deteriorated in the last 2 years. This is, in part, directly attributable to the decrease in global coal prices which reached a 5-year low as of March 2015. Further, due to changes in management and certain disputes that have arisen between the management of Berau Coal, BCE and ARMs, the management and maintenance of Berau Coal has been sub-optimal, which has also contributed to the poor financial condition of the BCE Group.

7.    BCE Group's revenue and EBITDA have declined substantially as a result of the drop in coal prices as well as the sub-optimal manner in which the BCE Group has been managed and operated due to the differences and disputes between the management of Berau Coal, BCE and ARMs.

8.    Although the BCE Group has taken steps to reduce its mining costs in light of the low coal price environment, these savings have not been sufficient to compensate for the decline in the selling price of thermal coal.

9.    The Foreign Debtor was incorporated in 2010, by BCE as a special purpose vehicle to raise funds for and on behalf of the BCE Group.

10.    The Foreign Debtor entered into an indenture dated July 8, 2010, pursuant to which the Foreign Debtor issued $350 million in 12.50% guaranteed senior secured notes due 2015 (the **"2015 Notes"**), in respect of which a further $100 million in principal amount was issued in August 2010 pursuant to a supplemental indenture dated August 24, 2010. The Bank of New York Mellon is the trustee (the "**Trustee**") under the indenture for the 2015 Notes (the **"2015 Notes Indenture"**), which has been amended and supplemented from time to time. The Foreign Debtor's obligations under the 2015 Notes are guaranteed by BCE, PT Armadian Tritunggal (incorporated under the laws of the Republic of Indonesia), Berau Coal, Empire Capital Resources Pte. Ltd. (incorporated under the laws of the Republic of Singapore), Winchester Investment Holdings PLC (incorporated under the laws of the Republic of Seychelles), Aries Investments Limited (incorporated under the laws of the Republic of Malta), Seacoast Offshore Inc. (incorporated under the laws of the British Virgin Islands), Maple Holdings Limited (incorporated under the laws of Labuan), PT Energi Bara Sarana (incorporated under the laws of the Republic of Indonesia), and PT Banua Karsa Mitra (incorporated under the laws of the Republic of Indonesia).

4

11.     The Foreign Debtor was unable to make payment of the principal repayment of $450 million due on July 8, 2015 under the 2015 Notes.

12.     On June 10, 2015, Asia Coal Energy Ventures Limited ("**ACE**"), a company incorporated under the laws of the British Virgin Islands, and fully funded and supported by the Sinar Mas group ("**Sinar Mas**"), made a general offer for the entire issued and paid up share capital of ARMs. Sinar Mas is one of Indonesia's major conglomerates with interests and business in various industries including coal and power. In light of Sinar Mas' position of strength in Indonesia, ACE wanted to, in collaboration with Sinar Mas, gain control over the BCE Group by gaining control over ARMs. As of July 7, 2015, ACE is the majority shareholder of the BCE Group.

13.     The Foreign Debtor has already commenced a restructuring process, preparing a restructuring framework and engaging in negotiations with numerous creditors, seeking standstill arrangements and/or to renegotiate debt repayments.

14.     In order for the Foreign Debtor and other companies within the BCE Group to achieve a meaningful recovery, a restructuring of the BCE Group will have to be effected pursuant to the restructuring processes available under applicable laws.

15.     The recoveries of creditors of the Foreign Debtor and the BCE Group are likely to be materially greater in a restructuring in which the BCE Group continues to operate as a going concern when compared with the recoveries that would be achieved in a liquidation.

16.     If the cash flow of the BCE Group is jeopardized by the actions of any of the holders of the 2015 Notes, the BCE Group (and in particular, Berau Coal) may not be able to maintain operations and the restructuring of the BCE Group may be derailed.

17.    In order to prevent recovery or enforcement efforts by creditors that would jeopardize the BCE Group's and the Foreign Debtor's restructuring, on July 4, 2015, the Foreign Debtor initiated proceedings in the High Court of the Republic of Singapore (the **"Singapore Court"**) pursuant to Section 210(10) of the Companies Act (Cap. 50) for an order imposing a moratorium on collection activity against the Foreign Debtor (the **"Singapore Proceeding"**).

18.    On July 7, 2015, the Singapore Court entered orders in the Singapore Proceeding prohibiting for a period of six months the commencement or continuation of any action by any creditors against the Foreign Debtor and the guarantors of the debts of the Foreign Debtor including BCE, including, without limitation, proceedings for the recovery of a debt or damages by civil action, or proceedings by way of execution on a judgment (collectively, the **"Singapore Order"**).

19.    As of the date hereof, the Foreign Debtor has an in-principle agreement with holders holding a substantial amount of 2015 Notes with respect to the terms of the restructuring of the BCE Group's indebtedness, including the 2015 Notes. On July 8, 2015, the Foreign Debtor entered into a restructuring support agreement with holders holding a substantial amount of the 2015 Notes, pursuant thereto, the supporting noteholders agreed to, *inter alia*, refrain from taking any unilateral creditor action against any member of the BCE Group and to support and progress the restructuring efforts undertaken by the BCE Group.

## RELIEF REQUESTED AND BASIS THEREFOR

20.    The Foreign Representative seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, recognizing the Singapore Proceeding as a foreign main

6

proceeding pursuant to 11 U.S.C. § 1517 granting related relief pursuant to 11 U.S.C. §§ 1520 and 1521.

21.     "Chapter 15 contemplates a short and relatively simple petition for recognition." *In re Millenium Global Emerging Credit Master Fund Ltd.*, 458 B.R. 63, 69 (Bankr. S.D.N.Y. 2011).

22.     "An order recognizing a foreign main proceeding shall be entered if the proceeding is a foreign main or non-main proceeding, the foreign representative is a person or body and the petition meets the requirements of 11 U.S.C. §§ 1515 concerning the petition and accompanying documents." *In re Ashapura Minechem Ltd.*, 2011 Bankr. LEXIS 4617 at *7 (Bankr. S.D.N.Y. 2011).

### A. The Singapore Proceeding is a "Foreign Proceeding" under Section 101(23) of the Bankruptcy Code

23.     Under § 101(23) of the Bankruptcy Code, the term "foreign proceeding" is defined as a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

24.     The Foreign Debtor commenced the Singapore Proceeding pursuant to Section 210(10) of the Singapore Companies Act (Cap. 50). The Singapore Companies Act is a statute that provides for, among other things, schemes of arrangement or restructurings under Singapore law. Schemes of arrangement pursuant to the Singapore Companies Act, like a Chapter 11 proceeding under U.S. bankruptcy law, can provide mechanisms for the orderly restructuring of debts and contractual relations between a debtor and its creditors.

25.    The Singapore Proceeding is clearly a judicial proceeding under Singapore law relating to insolvency or adjustment of debt in which the assets and affairs of the Foreign Debtor is subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation. Accordingly, this chapter 15 case concerns a "foreign proceeding" within the meaning of Section 101(23) of the Bankruptcy Code.

### B. The Chapter 15 Case Was Commenced by a Duly Authorized Foreign Representative

26.    The term "foreign representative" is defined under section 101(24) of the Bankruptcy Code to mean:

> a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

27.    The Foreign Representative is duly authorized to serve in this capacity in this chapter 15 case. The board of directors of the Foreign Debtor appointed Kin Chan as the Foreign Representative for the Foreign Debtor.

28.    Accordingly, Kin Chan is a duly appointed foreign representative within the meaning of 11 U.S.C. § 101(24).

### C. The Foreign Proceeding Should be Recognized as a Foreign Main Proceeding

29.    Section 1517(b)(1) of the Bankruptcy Code provides that a foreign proceeding for which recognition is sought must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has the center of its main interests.

30.     Section 1516(c) of the Bankruptcy Code provides further that, in the absence of evidence to the contrary, a debtor's registered office is presumed to be the center of the debtor's main interests.

31.     The Republic of Singapore is the center of the Foreign Debtor's main interests. The Foreign Debtor is incorporated under Singapore law and from the date of the Foreign Debtor's incorporation through the present, the Foreign Debtor's registered office has been located in Singapore.

32.     Since the Singapore Proceeding is a foreign proceeding located in the Foreign Debtor's center of main interests, it is a "foreign main proceeding" for the purposes of the Bankruptcy Code. Accordingly, the requirements of Section 1517(a)(1) of the Bankruptcy Code have been satisfied.

### D. The Chapter 15 Case Was Properly Commenced

33.     The Foreign Debtor's chapter 15 case was duly and properly commenced by filing a chapter 15 petition and the Verified Petition accompanied by all fees, documents and information required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), including: (a) a corporate ownership statement containing the information described in Bankruptcy Rules 1007(a)(4) and 7007.1; (b) statements identifying all foreign proceedings with respect to the Foreign Debtor that are known to the Foreign Representative pursuant to Section 1515(c) of the Bankruptcy Code; (c) a certified copy of the Singapore Order pursuant to Section 1515(b) of the Bankruptcy Code; and (d) a proposed form of Order Recognizing Foreign Main Proceedings and Granting Related Relief.

34.     Having filed the above-referenced documents and because this Court is entitled to presume the authenticity of such documents filed in connection with the chapter 15

petitions and Verified Petition under Section 1516(b) of the Bankruptcy Code, the requirements of Section 1515 of the Bankruptcy Code have been satisfied.

35.    Based on the foregoing, the Foreign Representative respectfully requests that this Court enter an order recognizing the Singapore Proceeding as a foreign main proceeding pursuant to Section 1517 of the Bankruptcy Code and requests that this Court grant relief as of right upon recognition of a foreign main proceeding pursuant to Section 1520 of the Bankruptcy Code if the Singapore Proceeding is recognized as a foreign main proceeding.

36.    As noted above, the moratorium granted under the Singapore Order extends to actions against the guarantors of the debts of Foreign Debtor including BCE, as well as the Foreign Debtor, because the successful restructuring of the Foreign Debtor is dependant upon the successful restructuring of the BCE Group.

37.    Accordingly, the Foreign Representative requests that the provisional stay also be extended to the guarantors of the Foreign Debtor's obligations as provided under the Singapore Order.    It has been long-recognized that pursuant to section 105(a) of the Bankruptcy Code, the bankruptcy court may enjoin third-party actions against non-debtor entities when the claims threaten to thwart or frustrate the debtor's reorganization efforts. *See In re The 1031 Tax Group, LLC*, 397 B.R. 670, 684 (Bankr. S.D.N.Y. 2008). Here, this Court should grant comity to the Singapore Order, which extended the stay to the guarantors of the debts of Foreign Debtor including BCE, just as the district court in *CT Investment Mgmt Co., LLC v. Carbonell*, 2012 U.S. Dist. LEXIS 3356 (S.D.N.Y. 2012), extended the stay to a non-debtor affiliate of the foreign debtor (granting comity to Mexican court order which extended stay to non-debtor guarantors of foreign debtor's debt); and in *In re Bumi Investment Pte Ltd, et al*, (Case No. 14-13296; Bankr. S.D.N.Y. 2014) (extending the protections under Chapter

15 to non-debtor guarantors; a copy of the Order granting the relief requested and the declaration upon which it was based are annexed hereto as **Exhibit B**).

## NOTICE

38.    The Foreign Representative proposes to serve the "Notice of Filing and Hearing on Petition Under Chapter 15 of the United States Bankruptcy Code" (the **"Chapter 15 Notice"**) by mail, within three (3) business days of entry of the "Order Scheduling Hearing and Specifying the Form and Manner of Service of Notice," proposed versions of which have been filed contemporaneously herewith, upon all persons or bodies authorized to administer foreign proceedings of the Foreign Debtor, all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, all parties to litigation pending in the United States in which the Foreign Debtor is a party at the time of the filing of the Chapter 15 Petition, the United States Trustee and such other entities as this Court may direct.

39.    The Foreign Representative further proposes to provide copies of the Chapter 15 Petition, this Verified Petition, the Chan Declaration, the Nair Declaration, the Memorandum of Law, and the Application and the Order Granting Provisional Relief (collectively, the **"Supporting Documents"**), upon request by any party in interest to Edward J. LoBello, Esquire, Meyer, Suozzi, English & Klein, P.C., 1350 Broadway, Suite 501, New York, NY 10018.

40.    The Foreign Representative believes that such notice and service constitutes reasonable and proper notice under the circumstances, and that no other or further notice is necessary or appropriate.

## NO PRIOR REQUEST

41.    No previous request for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) recognizing the Singapore Proceeding as a foreign main proceeding, (ii) granting relief to the Foreign Debtor under sections 1520 and 1521 of the Bankruptcy Code, and (iii) granting the Foreign Representative such other and further relief as the Court deems just and proper.

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: */s/ Edward J. LoBello*

Edward J. LoBello
Thomas R. Slome
Jil Mazer-Marino
1350 Broadway, Suite 501
New York, NY 10018
Phone: (212) 239-4999
Fax: (212) 239-1311

*Attorneys for Kin Chan,
as Foreign Representative*

Dated: July 10, 2015

## VERIFICATION

Kin Chan, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury under the laws of the United States of America as follows:

I am the duly appointed foreign representative for the Foreign Debtor and have full authority to verify the foregoing Verified Petition.

I have read the foregoing Verified Petition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _July 9¹ 2015_
In Hong Kong, S.A.R People's Republic of China

**Witness to the signature of**

Kin Chan

David G.J. Ravenscroft
Notary Public Hong Kong SAR
David Ravenscroft & Co.
Solicitors & Notaries

_____
Kin Chan
Foreign Representative

## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- :
                                               :
In re:                                          :        Chapter 15
                                                 :
BERAU CAPITAL RESOURCES PTE LTD,     :        Case No._____
                                                 :
        Debtor in a Foreign Proceeding.      :
                                                 :
------------------------------------------- :

## ORDER GRANTING RECOGNITION OF
## FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF

        This matter coming before the Court on the Chapter 15 Petitions and the Verified

Petition of Kin Chan, as foreign representative (the **"Foreign Representative"**) of the

above-captioned debtor in a foreign proceeding (the **"Foreign Debtor"**) for Recognition of

Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515 and 1517 and Relief Pursuant to 11

U.S.C. §§ 1520 and 1521 (collectively, the **"Petition"**)[1]; and the Court having reviewed the

Petition, the Nair Declaration and the Chan Declaration, and having considered the

statements of counsel with respect to the Petition at a hearing before the Court (the

**"Hearing"**); and appropriate and timely notice of the filing of the Petition and the Hearing

having been given; and no other or further notice being necessary or required; and the Court

having determined that the legal and factual bases set forth in the Petition and all other

pleadings and proceedings in this case establish just cause to grant the relief ordered herein,

and after due deliberation therefore,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

---

[1] Unless defined herein, all capitalized terms used herein shall have the meanings ascribed to them in the Petition.

pursuant to section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

        I.        The Foreign Representative is entitled to all the automatic relief available pursuant to section 1520 of the Bankruptcy Code without limitation. The Foreign Representative is further entitled to the discretionary relief expressly set forth in section 1521(a) and (b) of the Bankruptcy Code.

        J.        The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1.      The Singapore Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

2.      All relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is hereby granted to the Singapore Proceeding.

3.      Sections 361 and 362 of the Bankruptcy Code shall hereby apply with respect to the Foreign Debtor and the property of the Foreign Debtor that is within the territorial jurisdiction of the United States.

4.      Section 552 of the Bankruptcy Code shall hereby apply to property of the Foreign Debtor that is within the territorial jurisdiction of the United States.

5.      The Singapore Proceeding and all orders of the Singapore Court, shall be and hereby are granted comity and given full force and effect in the United States to the same

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C.      The Foreign Representative is the duly appointed "foreign representative" of the Foreign Debtor within the meaning of section 101(24) of the Bankruptcy Code.

D.      This chapter 15 case was properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code.

E.      The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Rule 2002(q) of the Federal Rules of Bankruptcy Procedure.

F.      The Singapore Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

G.      The Singapore Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

H.      The Republic of Singapore is the center of main interests of the Foreign Debtor, and accordingly the Singapore Proceeding is a "foreign main proceeding"

extent that they are given full force and effect in the Republic of Singapore, and each is binding on all creditors of the Foreign Debtor.

6.      Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted to the Foreign Debtor or the Foreign Representative by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and that certain Order Granting Provisional Relief shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

7.      All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents, are hereby enjoined from:

(a)      execution against any of the Foreign Debtor's assets;

(b)      the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, which in either case is in any way related to, or would interfere with, the administration of the Foreign Debtor's estates in the Singapore Proceeding;

(c)      taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Foreign Debtor or any of their property;

(d)      transferring, relinquishing or disposing of any property of the Foreign Debtor to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

(e)      commencing or continuing an individual action or proceeding concerning the Foreign Debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a) of the Bankruptcy Code; and

(f)      declaring or considering the filing of the Singapore Proceeding or this chapter 15 case a default or event of default under any agreement, contract or arrangement;

*provided, however,* in each case, such injunction shall be effective solely within the territorial jurisdiction of the United States.

8.    Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, or (b) staying the exercise of any rights that are not subject to stay arising under section 362(a) of the Bankruptcy Code pursuant to paragraph (6), (7), (17), or (27) of section 362(b) of the Bankruptcy Code or pursuant to section 362(o) of the Bankruptcy Code.

9.    Nothing contained in this Order should be construed as limiting or restricting the ability of a creditor to take action to the extent permitted by the Singapore Order.

10.    The Foreign Representative may exercise the rights and powers of a trustee under and to the extent provided by section 1520 of the Bankruptcy Code.

11.    The Foreign Representative is hereby authorized to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations or liabilities of the Foreign Debtor, as such information is required in the Singapore Proceeding under the law of the United States.

12.    The administration or realization of all or part of the assets of the Foreign Debtor within the territorial jurisdiction of the United States shall be entrusted to the Foreign Representative and the Foreign Representative is hereby established as the exclusive representative of the Foreign Debtor in the United States.

13.    No action taken by the Foreign Representative, the Foreign Debtor or each of their respective successors, agents, representatives, advisors or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the Foreign Proceeding, this Order, or this Chapter 15 case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to

constitute a waiver of the right or benefits afforded such persons under sections 306 and 1510 of the Bankruptcy Code.

14.     While this Order is in effect, all entities (as that term is defined in section 101(15) of the Bankruptcy Code) shall be enjoined from commencing or continuing, within the territorial jurisdiction of the United States, any action or proceeding against Bumi Resources in contravention of the Singapore Order.

15.     A copy of this Order, confirmed to be true and correct, shall be served, within three business days of entry of this Order, by facsimile, electronic mail or regular mail, upon all persons or bodies authorized to administer foreign proceedings of the Foreign Debtor, all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, all parties to litigation pending in the United States in which the Foreign Debtor is a party at the time of the filing of the Petition, the United States Trustee and such other entities as the Court may direct.

16.     Such service shall be good and sufficient service and adequate notice for all purposes.

17.     This Court shall retain jurisdiction with respect to: (i) the enforcement, amendment or modification of this Order; (ii) any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case; and (iii) any request by an entity for relief from the provisions of this Order, for cause shown as to any of the foregoing and provided that the same is properly commenced and within the jurisdiction of this Court.

Dated:_____, 2015
        New York, New York

        _____
        UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

**Bumi Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
                                 :

In re:                               :        Chapter 15
                                 :
BUMI INVESTMENT PTE LTD,           :        Case No. 14-13296
                                 :
            Debtor in a Foreign Proceeding.   :
                                 :
--------------------------------------------------------------------X
                                 :

In re:                               :        Chapter 15
                                 :
BUMI CAPITAL PTE LTD,              :        Case No. 14-13297
                                 :
            Debtor in a Foreign Proceeding.   :
                                 :
--------------------------------------------------------------------X
                                 :

In re:                               :        Chapter 15
                                 :
ENERCOAL RESOURCES PTE LTD,       :        Case No. 14-13298
                                 :
            Debtor in a Foreign Proceeding.   :
                                 :
--------------------------------------------------------------------X

## ORDER GRANTING PROVISIONAL RELIEF

      This matter coming before the Court on the application (the "Application")[1] of

petitioner, Andrew Christopher Beckham, the duly authorized foreign representative (the

"Foreign Representative") of the above-captioned debtors in a foreign proceeding (the "Foreign

Debtors"), pursuant to sections 105(a) and 1519 of title 11 of the United States Code (the

"Bankruptcy Code"), for the entry of an order granting provisional injunctive and related relief;

and the Court having reviewed the Application, the Beckham Declaration, the Sim Declaration

---

[1]  Unless otherwise defined herein, all capitalized words used herein shall have the meanings
ascribed to them in the Application.

and the Memorandum of Law, and having considered the statements of counsel with respect to

the Application at a hearing before the Court (the "Hearing"); and appropriate and timely notice

of the filing of the Application and the Hearing having been given; and no other or further notice

being necessary or required; and the Court having determined that the legal and factual bases set

forth in the Application and all other pleadings and proceedings in this case establish just cause

to grant the relief ordered herein, and after due deliberation therefore,

### THE COURT HEREBY FINDS AND DETERMINES THAT:

A.    The findings and conclusions set forth herein constitute the Court's

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to

this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of

fact constitute conclusions of law, they are adopted as such. To the extent any of the following

conclusions of law constitute findings of fact, they are adopted as such.

B.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue for this

proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C.    The Foreign Representative has demonstrated a substantial likelihood of

success on the merits that (i) the Foreign Debtors are subject to a pending "foreign main

proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (ii) the Foreign

Representative is a "foreign representative" as that term is defined in section 101(24) of the

Bankruptcy Code, and (iii) all statutory elements for recognition of the Foreign Proceeding are

satisfied in accordance with section 1517 of the Bankruptcy Code.

D.    The commencement or continuation of any action or proceeding, whether

judicial, administrative, regulatory or sounding in arbitration, with respect to the Foreign Debtors

or the property of the Foreign Debtors that is within the territorial jurisdiction of the United States, including, without limitation, any action commenced in contravention of the Singapore Proceeding or orders of the Singapore Court, should in each case be enjoined pending and through the date of the hearing to consider recognition of the Singapore Proceeding as a foreign main proceeding (the "Final Recognition Hearing"), and the relief requested either (i) will not cause an undue hardship to any party in interest or (ii) any hardship to a party in interest is outweighed by the benefits of the relief requested.

E.    It has been clearly shown that unless this Order issues, the Foreign Debtors will suffer immediate and irreparable injury, loss or damage for which there is no adequate remedy at law. Further, unless this Order issues, the Foreign Debtors' assets located in the United States could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts have a material risk of resulting in the Foreign Debtors suffering immediate and irreparable injury, loss, or damage by, among other things, (i) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, (ii) interfering with the Foreign Debtors' efforts to administer its estate and restructure its operations pursuant to the Foreign Proceeding, and (iii) undermining the Foreign Representative's efforts to achieve an equitable result for the benefit of all of the Foreign Debtors' creditors and interest holders.

F.    The interests of the public will be served by entry of this Order.

G.    The Foreign Representative and the Foreign Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

3

1.      While this Order is in effect, all entities (as that term is defined in section

101(15) of the Bankruptcy Code) are hereby enjoined from:

> a) executing against the Foreign Debtors' assets;
>
> b) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim which action is in any way related to, or would interfere with, the administration of the Foreign Debtors' estates in the Singapore Proceeding;
>
> c) the enforcement of a judgment against the Foreign Debtors or against property of the Foreign Debtors' estates;
>
> d) any act to obtain possession of property of the Foreign Debtors' estates or of property from the Foreign Debtors' estates or to exercise control over property of the Foreign Debtors' estates;
>
> e) any act to create, perfect, or enforce any lien against property of the Foreign Debtors' estates;
>
> f) any act to collect, assess, or recover a claim against the Foreign Debtors;
>
> g) transferring, relinquishing or disposing of any property of the Foreign Debtors to any person or entity other than the Foreign Representative; and
>
> h) the setoff of any debt owing to the Foreign Debtors against any claim against the Foreign Debtors (collectively, clauses (a) through (h), the "Enjoined Conduct");

*provided, however*, in each case, that such injunction shall be effective solely within the

territorial jurisdiction of the United States.

2.      While this Order is in effect, the Foreign Representative and the Foreign

Debtors shall be entitled to the full protections and rights enumerated under section 1519(a)(1)-

(3) of the Bankruptcy Code, including:

> a) entrusting the administration or realization of all or part of the Foreign Debtors' assets located in the United States to the Foreign Representative in order to protect and preserve the value of assets that are susceptible to devaluation or otherwise in jeopardy;

4

b) the protection prohibiting other entities from transferring, encumbering or otherwise disposing of any assets of the Foreign Debtors;

c) the right and power to examine witnesses, take evidence or deliver information concerning the Foreign Debtors' assets, affairs, rights, obligations or liabilities; and

d) the right and power to seek additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550 and 724(a) of the Bankruptcy Code.

3.       While this Order is in effect, all entities (as that term is defined in section 101(15) of the Bankruptcy Code) shall be enjoined from commencing or continuing, within the territorial jurisdiction of the United States, any action or proceeding against Bumi Resources in contravention of the Singapore Order.

4.       Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, or (b) staying the exercise of any rights that are not subject to stay arising under section 362(a) of the Bankruptcy Code pursuant to paragraph (6), (7), (17), or (27) of section 362(b) of the Bankruptcy Code or pursuant to section 362(o) of the Bankruptcy Code.

5.       With respect to any Enjoined Conduct in which the Foreign Debtors may have an interest that may become known to the Foreign Representative after the date of entry of this Order (each a "Subsequent Claim"):

a) when informed of such Subsequent Claim, counsel for the Foreign Representative shall serve upon the holder of such claim a copy of the Supporting Documents and this Order or any extension thereof; and

b) on not less than five business days' notice to U.S. Counsel (defined below), the holder of a Subsequent Claim may file a motion seeking an order of the Court vacating or modifying the injunction entered in this proceeding with respect to such

Subsequent Claim, and any such request shall be the subject matter
of a hearing on a date to be scheduled by the Court.

6.    Any party in interest may make a motion seeking relief from, or

modification of, this Order, by filing a motion on not less than five business days' written notice

to Schnader Harrison Segal & Lewis LLP, 140 Broadway, Suite 3100, New York, NY 10005-

1101 (Attn:  Kenneth R. Puhala, Esquire) ("U.S. Counsel"), and the Court will hear such motion

on a date to be scheduled by the Court.

7.    The Application, this Order, and the Supporting Documents shall be made

available by the Foreign Representative upon request to U.S. Counsel.

8.    The Foreign Representative shall serve copies of this Order in accordance

with the provisions of that certain Order Scheduling Hearing and Specifying the Form and

Manner of Service of Notice (the "Scheduling Order"). Service in accordance with the provisions

of the Scheduling Order shall constitute fair and sufficient service and notice.

9.    Pursuant to Bankruptcy Rule 7065, the provisions of Federal Rule 65(c)

are hereby waived, to the extent applicable.

10.    Nothing contained in this Order should be construed as limiting or

restricting the ability of a creditor to take action to the extent permitted by the Singapore Order.

11.    This Order shall remain in effect until the earlier of (a) entry of an order

recognizing the Singapore Proceeding as a foreign main proceeding in accordance with section

1517 of the Bankruptcy Code or (b) the dismissal or closing of these chapter 15 proceedings.

12.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:  December 30, 2014
New York, New York          _s/ Robert E. Gerber_____
UNITED STATES BANKRUPTCY JUDGE

6

Kenneth R. Puhala
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone: (212) 973-8000
Fax: (212) 972-8798
*Attorneys for Andrew Christopher Beckham, as Foreign Representative*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| BUMI INVESTMENT PTE LTD, | : | Case No. _____ |
| | : | |
| Debtor in a Foreign Proceeding. | : | |

------------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| BUMI CAPITAL PTE LTD, | : | Case No. _____ |
| | : | |
| Debtor in a Foreign Proceeding. | : | |

------------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| ENERCOAL RESOURCES PTE LTD, | : | Case No. _____ |
| | : | |
| Debtor in a Foreign Proceeding. | : | |

------------------------------------------------------------------X

**DECLARATION OF ANDREW CHRISTOPHER BECKHAM IN SUPPORT OF: (I)
VERIFIED PETITION UNDER CHAPTER 15; AND (II) APPLICATION FOR
PROVISIONAL AND FINAL RELIEF FOR RECOGNITION OF A FOREIGN MAIN
<u>PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a), 1517, 1519, 1520 AND 1521</u>**

Andrew Christopher Beckham, of full age, hereby declares:

PHDATA 5154870_1

1.      I am the Chief Financial Officer of PT Bumi Resources Tbk ("Bumi Resources"), a public company incorporated under the laws of Indonesia, being the parent company of Bumi Investment Pte Ltd ("Bumi Investment"), Bumi Capital Pte Ltd ("Bumi Capital") and Enercoal Resources Pte Ltd ("Enercoal") (together, the "Foreign Debtors").  A true and correct copy of my curriculum vitae is attached as **Exhibit A.**

2.      My office is located at Bakrie Tower, 11th Floor, Rasuna Epicentrum Complex, Jl.H.R Rasuna Said, Jakarta 12940.

3.      I am the authorized foreign representative of the Foreign Debtors in the above-captioned Chapter 15 cases.

4.      Bumi Investment was incorporated under the laws of Singapore and has its registered address located at 10 Anson Road, #03-05, International Plaza, Singapore 079903.

5.      Bumi Capital was incorporated under the laws of Singapore and has its registered address located at 10 Anson Road, #03-05, International Plaza, Singapore 079903.

6.      Enercoal was incorporated under the laws of Singapore and has its registered address located at 24 Boon Lay Way, #01-73, Tradehub 21, Singapore 609969.

7.      The Foreign Debtors are wholly-owned subsidiaries of Bumi Resources.

8.      Bumi Resources has an interest, either directly or otherwise, in a total of 67 entities incorporated in various jurisdictions (the "Bumi Group").

9.      Bumi Resources is in the business of the mining and export of thermal coal and is one of the largest exporters of thermal coal in the world.

10.     In recent years, the financial condition of Bumi Resources has deteriorated.  This is directly attributable to the decrease in the global demand for coal, which resulted in a drop in coal prices.

PHDATA 5154870_1

11.    Bumi Resources' revenue and EBITDA have declined substantially as a result of the drop in coal prices.

12.    Although Bumi Resources has taken steps to reduce its mining costs, these savings have not been sufficient to compensate for the decline in the selling price of thermal coal.

13.    As of June 30, 2014, Bumi Resources' net cash flow had declined into a negative position.

14.    The Foreign Debtors were incorporated by Bumi Resources as special purpose vehicles to raise funds for and on behalf of Bumi Resources.

15.    Bumi Investment entered into an indenture dated October 6, 2010 pursuant to which Bumi Investment issued $700 million in 10.75% guaranteed senior secured notes due 2017 (the "2017 Notes"). The Bank of New York Mellon is the trustee under the indenture for the 2017 Notes (the "2017 Notes Indenture"). Bumi Investments' obligations under the 2017 Notes are guaranteed by Bumi Resources, Forerunner International Pte Ltd (a company incorporated under the laws of Singapore), Sangatta Holdings Limited (a company incorporated under the laws of the Seychelles), Kalimantan Coal Ltd (a company incorporated under the laws of Mauritius) and PT Sitrade Coal (a company incorporated under the laws of the Republic of Indonesia).

16.    Bumi Investment and Bumi Resources were unable to make the semi-annual interest payment due on October 6, 2014 under the 2017 Notes.

17.    By letter dated November 14, 2014, The Bank of New York Mellon, as indenture trustee, declared a default under the 2017 Notes.

PHDATA 5154870_1

18.    Bumi Capital entered into an indenture dated November 13, 2009 pursuant to

which it issued $300 million in 12% guaranteed senior secured notes due 2016 (the "2016

Notes").  The Bank of New York Mellon is the trustee under the indenture for the 2016 Notes

(the "2016 Notes Indenture").  Bumi Capital's obligations under the 2016 Notes are guaranteed

by Bumi Resources, Forerunner International Pte Ltd (a company incorporated under the laws of

Singapore), Sangatta Holdings Limited (a company incorporated under the laws of the

Seychelles), Kalimantan Coal Ltd (a company incorporated under the laws of Mauritius) and PT

Sitrade Coal (a company incorporated under the laws of the Republic of Indonesia).

19.    Bumi Capital and Bumi Resources were unable to make the semi-annual interest

payment due on November 10, 2014 under the 2016 Notes.

20.    By letter dated November 14, 2014, The Bank of New York Mellon, as indenture

trustee, declared a default under the 2016 Notes.

21.    On August 5, 2009, Enercoal entered into a trust deed (as subsequently amended

the "Trust Deed") pursuant to which Enercoal issued $375 million in bonds bearing a coupon

rate of 9.25% on the principal amount *per annum*, payable in arrears on a monthly basis, and

fully redeemable on August 5, 2014 (the "2014 Bonds").  The 2014 Bonds are held by The Bank

of New York Mellon as trustee on behalf of the individual bondholders.  Enercoal's obligations

under the 2014 Bonds are guaranteed by Bumi Resources.

22.    Enercoal and Bumi Resources were unable to redeem the 2014 Bonds as required

by the Trust Deed and were unable to make the monthly coupon payments due under the 2014

Bonds for the months of September, October and November 2014.

PHDATA 5154870_1

23.     Just over five months ago, FTI Consulting was appointed by the Bumi Group to assist in the formulation and implementation of a plan to restructure the debts of the Bumi Group, including the Foreign Debtors.

24.     The Bumi Group has already commenced its restructuring process, preparing a restructuring framework and engaging in negotiations with numerous creditors, seeking standstill arrangements and/or to renegotiate debt repayments.

25.     In order for the Foreign Debtors and other companies within the Bumi Group to achieve a meaningful recovery, a restructuring of Bumi Resources will have to be effected, either consensually or pursuant to the restructuring process available under Indonesian law.

26.     The recoveries of creditors of the Foreign Debtors and the Bumi Group is likely to be far greater in a restructuring whereby the Bumi Group continues to operate as a going concern than such recoveries would be in an immediate liquidation.

27.     If the cash flow of the Bumi Group is jeopardized by the actions of holders of the 2017 Notes, the 2016 Notes or the 2014 Bonds against the Foreign Debtors or Bumi Resources, the Bumi Group will not be able to maintain operations and the restructuring of the Bumi Group will be derailed.

28.     In order to prevent recovery or enforcement efforts by creditors that would jeopardize the Bumi Group's and the Foreign Debtors' restructuring, on November 24, 2014 the Foreign Debtors initiated proceedings in the  High Court of the Republic of Singapore (the "Singapore Court") pursuant to Section 210(10) of the Companies Act (Cap. 50) for an order imposing a moratorium on collection activity against the Foreign Debtors and Bumi Resources (collectively, the "Singapore Proceeding").

5                                          PHDATA 5154870_1

29.     On November 24, 2014, the Singapore Court entered orders in the Singapore

Proceeding prohibiting for a period of six months the commencement or continuation of any

action by any creditors against the Foreign Debtors and the guarantors of the debts of Foreign

Debtors including Bumi Resources, including, without limitation, proceedings for the recovery

of a debt or damages by civil action, or proceedings by way of execution on a judgment

(collectively, the "Singapore Order").  A true and correct copy of the Singapore Order is attached

as **Exhibit B**.

30.     Since the successful restructuring of the Foreign Debtors is dependant upon the

successful restructuring of Bumi Resources, the Foreign Debtors requested, and the Singapore

Court granted, a moratorium to Bumi Resources as well as the Foreign Debtors.

31.     I have been appointed as the foreign representative of the Foreign Debtors in

connection with this Chapter 15 case by the boards of directors of the Foreign Debtors.  True and

correct copies of the corporate resolutions appointing me as Foreign Representative are attached

as **Exhibit C**.

32.     As a result, to the best of my knowledge, information and belief, I am a person

authorized to administer the reorganization of the Foreign Debtors' affairs and represent the

Foreign Debtors in these Chapter 15 cases.  Therefore, I believe that I am a "foreign

representative" within the meaning of § 101(24) of the Bankruptcy Code.

33.     To the best of my knowledge, information and belief, the Singapore Proceeding

is a judicial proceeding, including an interim proceeding, under Singapore law relating to

insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are

subject to control or supervision by a foreign court, for the purpose of reorganization or

PHDATA 5154870_1

liquidation.  Accordingly, I believe that the Singapore Proceeding is a "foreign proceeding" within the meaning of § 101(23) of the Bankruptcy Code.

34.    The Foreign Debtors are incorporated under Singapore law and have their registered offices in Singapore.  As a result, I believe that the Foreign Debtors have their "center of main interests" in Singapore and, therefore the Singapore Proceeding should be recognized as a "foreign main proceeding" pursuant to § 1502(4) of the Bankruptcy Code.

35.    To the best of my knowledge, information and belief, the Singapore Proceeding is the only pending debt adjustment or insolvency proceeding of any kind involving the Foreign Debtors.

36.    A retainer has been paid on behalf of the Foreign Debtors to their counsel in the above-captioned Chapter 15 case, which is being maintained in a bank account in the United States.  Other than the retainer funds, the Foreign Debtors do not have assets in the United States. The Foreign Debtors have no place of business in the United States.

37.    In the 2017 Notes Indenture, Bumi Investment and Bumi Resources consented to jurisdiction in New York in connection with any suit, action or proceeding arising out of or relating to the 2017 Notes.  The 2017 Notes Indenture also provides that the 2017 Notes Indenture and the 2017 Notes will be governed by, and interpreted in accordance with, New York law.

38.    In the 2016 Notes Indenture, Bumi Capital and Bumi Resources consented to jurisdiction in New York in connection with any suit, action or proceeding arising out of or relating to the 2016 Notes.  The 2016 Notes Indenture also provides that the 2016 Notes Indenture and the 2016 Notes will be governed by, and interpreted in accordance with, New York law.

PHDATA 5154870_1

39.    The Foreign Debtors are seeking the entry of an order granting provisional relief and enjoining creditors from initiating or continuing any collection efforts in the United States pending the hearing on the Foreign Debtors' petition for recognition of the Singapore Proceeding as a foreign main proceeding.  The entry of an order granting such provisional relief to maintain the status quo is essential to the restructuring of the Foreign Debtors and will prevent the Foreign Debtors from suffering irreparable harm as a result of any enforcement proceedings.

*[signature page follows]*

PHDATA 5154870_1

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed on ___December 1___, 2014,
in the Republic of Singapore.

_____
Andrew Christopher Beckham,
Foreign Representative

PHDATA 5154870_1