UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERAU CAPITAL RESOURCES PTE LTD,<br><br>Debtor in a Foreign Proceeding. | FOR PUBLICATION<br><br>Chapter 15<br><br>Case No. 15-11804 (MG) |

**MEMORANDUM OPINION GRANTING RECOGNITION**
**<u>OF FOREIGN MAIN PROCEEDING</u>**

*A P P E A R A N C E S:*

MEYER, SOUZZI, ENGLISH & KLEIN, P.C.
*Attorneys for Kin Chan, as Foreign Representative*
1350 Broadway, Suite 501
New York, NY  10018
By:    Edward J. LoBello, Esq.
          Thomas R. Slome, Esq.
          Jil Mazer-Marino, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

An issue in chapter 15 cases is whether a foreign debtor must have a place of business or property in the United States to be eligible to file a chapter 15 petition.  In *Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238 (2d Cir. 2013), the Second Circuit held that section 109(a) of the Bankruptcy Code applies to chapter 15 cases and requires that a foreign debtor must reside, have a domicile or place of business, or property in the United States to be eligible to file a chapter 15 petition.  The *Barnet* decision continues to be a frequent subject of discussion and criticism at international insolvency conferences and in scholarly writing.  *See generally* Daniel M Glosband and Jay Lawrence Westbrook, *Chapter 15 Recognition in the United States: Is a Debtor "Presence" Required?*, 24 INT'L INSOLV. REV. 28 (2015) (available at

Wiley Online Library (wileyonlinelibrary.com)). No other federal circuit appears to have addressed the "property in the United States" issue in chapter 15 cases so far.

*Barnet* is binding on this Court. Foreign debtors who wish to file chapter 15 cases in New York often have no place of business in the United States; therefore, the focus shifts to whether the foreign debtor has property in New York that will establish eligibility and venue in this district.[1]

Section 109(a) of the Bankruptcy Code does not specify how much property must be present or when or for how long property has had a situs in New York. Earlier cases have identified bank accounts, attorney retainers deposited in New York, or causes of action owned by the foreign debtor with a situs in New York, as satisfying the "property in the United States" eligibility requirement. *See In re Octaviar Admin. Pty Ltd*, 511 B.R. 361, 369–74 (Bankr. S.D.N.Y. 2014).

The foreign debtor in this case, Berau Capital Resources Pte Ltd ("Berau"), does not have a place of business in the United States. Berau filed an insolvency proceeding in Singapore, where the company has its headquarters. The foreign representative originally focused solely on the attorney retainer held by the foreign representative's New York counsel as the basis for eligibility. The Court is satisfied that the retainer provides a sufficient basis for eligibility in this case. *Octaviar*, 511 B.R. at 372–74. However, it is apparent that another substantial (and frequently recurring) basis for chapter 15 eligibility exists here.

---

[1] The venue statute for chapter 15 cases, 28 U.S.C. § 1410, permits a chapter 15 case to be filed in a district in which the debtor has its principal place of business or principal assets; and absent a place of business or assets, in a district in which there is an action or proceeding pending against the debtor in a federal or state court. *Id.* § 1410(1)–(2). If neither of those requirements is satisfied, the chapter 15 case may be filed in a district "in which venue will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative." *Id.* § 1410(3).

2

Berau is an obligor on over $450 million of U.S. dollar denominated debt; New York law expressly governs the debt indenture, which also includes a New York choice of forum clause. Under the indenture, Berau appointed an authorized agent for service of process in New York, and numerous acts must be performed in New York City.[2] The debt was in default when the foreign representative filed the chapter 15 case.

Dollar denominated debt subject to New York governing law and New York forum selection are quite common in international finance. They are highly desirable attributes for global trade and investment, providing certainty, predictability and respected courts in the event of disputes. It would be ironic if a foreign debtor's creditors could sue to enforce the debt in New York, but in the event of a foreign insolvency proceeding, the foreign representative could not file and obtain protection under chapter 15 from a New York bankruptcy court.[3] The Court concludes that no such conundrum exists because the indenture is property of Berau in the United States, thereby satisfying the section 109(a) eligibility requirement.

Contracts create property rights for the parties to the contract. A debtor's contract rights are intangible property of the debtor.[4] *U.S. Bank N.A. v. Am. Airlines, Inc.*, 485 B.R. 279, 295

---

[2] The Indenture outlines acts that can only be done at the Bank of New York Mellon in New York City, including: (a) to have the Trustee authenticate and deliver notes issued by the Foreign Debtor to the Foreign Debtor or upon the order of the Foreign Debtor (Indenture § 2.01, ECF Doc. # 24, Ex. B); (b) to have the Trustee maintain a registry of noteholders and to authenticate and deliver notes or new notes to transferees of notes (§ 2.05); (c) to redeem the notes (§§ 3.01, 3.02); (d) to discharge the notes and defease certain covenants (§ 8.01); (e) to recover cash or securities posted in connection with such defeasance (§ 8.04); (f) to make certain amendments to the Indenture without noteholder consents (§§ 9.01, 9.02); and (g) to require the Trustee to release collateral (§ 12.02).

[3] *Barnet* concluded that the venue provision in 28 U.S.C. § 1410 does not relieve the foreign debtor of the requirement of property in the United States to satisfy the section 109(a) eligibility requirement. *Barnet*, 737 F.3d at 250.

[4] Upon an order recognizing a proceeding as a foreign main proceeding, section 1520 makes sections 361 and 362 applicable with respect to the debtor and property of the debtor within the jurisdiction of the United States. The statute refers to "property of the debtor" to distinguish it from the "property of the estate" that is created under section 541(a). In a chapter 15 case, there is no "estate"; nevertheless, section 1520(a) imposes an automatic stay on

(Footnote continued on next page)

(Bankr. S.D.N.Y. 2013), *aff'd*, 730 F.3d 88 (2d Cir. 2013); *see also Wallach v. Nowak (In re Sherlock Homes of W.N.Y., Inc.)*, 246 B.R. 19, 23–24 (Bankr. W.D.N.Y. 2000) (stating that listing contracts between the debtor/broker dealer and prospective sellers bestowed contractual rights upon the parties and the contract rights were assets of the debtor); *Slater v. Town of Albion (In re Albion Disposal, Inc.)*, 217 B.R. 394, 407–08 (W.D.N.Y. 1997) (noting that "it is well-established . . . that a debtor's contractual rights—including rights arising under post-petition contracts— are included in the property of the estate"). State law governs property rights in bankruptcy cases. *Butner v. United* States, 440 U.S. 48 (1979). Section 1502(8) of the Bankruptcy Code expressly provides that the location of intangible property rights is to be determined under applicable nonbankruptcy law. *See In re Fairfield Sentry Ltd.*, 484 B.R. 615, 623 (Bankr. S.D.N.Y. 2013), *aff'd sub nom. Krys v. Farnum Place LLC (In re Fairfield Sentry, Ltd.)*, 13 Civ. 1524 (AKH), 2013 U.S. Dist. LEXIS 188911 (S.D.N.Y. July 3, 2013), *vacated*, 768 F.3d 239 (2d Cir. 2014).

It has long been recognized under New York law that intangible property rights, such those arising from contracts, may have more than one situs. As Chief Judge Cardozo wrote in *Severnoe Sec. Corp. v. London & Lancashire Ins. Co.*, 174 N.E. 299, 300 (N.Y. 1931), "[t]he situs of intangibles is in truth a legal fiction, but there are times when justice or convenience requires that a legal situs be ascribed to them. The locality selected is for some purposes, the domicile of the creditor; for others, the domicile or place of business of the debtor, the place, that is to say, where the obligation was created or was meant to be discharged; for others, any place where the debtor can be found." Chief Judge Cardozo's framing of the issue has stood the test of

---

(Footnote continued from prior page)
any action with respect to the debtor's property located in the United States. *See In re Pro-Fit Holdings Ltd.,* 391 B.R. 850, 864 n.48 (Bankr. C.D. Cal. 2008).

time. *See Bankers Trust Co. v. Equitable Life Assur. Soc.*, 227 N.E.2d 863, 865–66 (N.Y. 1967) ("In addition, as Judge Cardozo observed, determination of situs for one purpose has no necessary bearing on its determination for another purpose . . . which, of course, follows if determination of situs is to be made upon the basis of considerations of 'justice and convenience in particular conditions'."); *Octavior*, 511 B.R. at 371. In the case of the Berau indenture, as already indicated, the notes issued under the indenture are to be discharged in New York City. The attributes of the indenture would be sufficient to establish the situs of the property in New York, but in addition, the New York Legislature had adopted several laws clearly making New York a situs of the property.

The New York Legislature makes contracts of substantial size with New York governing law and choice of forum provisions—most certainly applicable to this debt indenture—enforceable in this State. Three statutory provisions are relevant here, two in the General Obligations Law and one in the Civil Practice Law and Rules ("CPLR").

N.Y. General Obligations Law § 5-1401 (Choice of Law) provides, with exceptions not relevant here, that the parties to any contract arising out of a transaction covering not less than $250,000 "may agree that the law of this state shall govern their rights and duties in whole or in part, whether or not such contract . . . bears a reasonable relation to this state." N.Y. General Obligation Law § 5-1402 (Choice of Forum) provides, again with exceptions not relevant here, that any person may maintain an action in a New York court against a foreign corporation that relates to a contract made in whole or in part pursuant to section 5-1401 and that arises out of a transaction involving not less than $1 million. CPLR 327(b) provides that a court may not stay or dismiss an action on grounds of inconvenient forum where the action relates to a contract to which sections 5-1401 and 5-1402 apply.

These three sections reflect a legislative policy to permit contract counterparties to establish a contract situs in this state by designating New York governing law and a New York forum for contracts involving transactions of the requisite amounts. The Berau indenture easily satisfies these requirements. This is sufficient to fix the situs of the contracts in New York, whether the contract has a situs elsewhere for other purposes. The Court concludes that the presence of the New York choice of law and forum selection clauses in the Berau indenture satisfies the section 109(a) "property in the United States" eligibility requirement.[5] Of course, the other requirements for recognition must also be satisfied, but none of those requirements were in dispute here.

---

[5] Other types of contracts—such as patent, trademark or intellectual property licensing agreements—entered into by a foreign debtor that include New York choice of law and forum selection clauses may satisfy the requirements of N.Y. General Obligation Law §§ 5-1401 and 5-1402. The Court does not decide whether such contracts satisfy the section 109(a) "property in the United States" eligibility requirement.

**CONCLUSION**

No objections to recognition were filed and all requirements for recognition were satisfied. On October 16, 2015, the Court entered an order recognizing Berau's Singapore proceeding as a foreign main proceeding. (ECF Doc. # 32.) This Opinion addresses only whether the debt indenture satisfies the section 109(a) requirement of "property in the United States," an issue likely to recur in other cases. As explained above, the Court concludes that the foreign debtor has property in the United States, satisfying the eligibility requirement in section 109(a). Venue in the Southern District of New York was likewise established.

**IT IS SO ORDERED.**

Dated:   October 28, 2015
         New York, New York

                                            ___*Martin Glenn*_____
                                               MARTIN GLENN
                                            United States Bankruptcy Judge